UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 07-209-C**

**BIG MOMMA'S SOUL KITCHEN, ET AL.,**                            **PLAINTIFFS,**

**V.**             <u>**MEMORANDUM OPINION AND ORDER**</u>

**LOUISVILLE-JEFFERSON COUNTY**
**METRO GOVERNMENT,**                                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the court's own motion. Having given the plaintiffs numerous chances to proceed with their case against the defendants, the court will dismiss the suit for failure to prosecute.

On April 13, 2007, the plaintiffs filed a complaint seeking damages and injunctive relief from the defendant's plan to close a portion of Broadway in Louisville, Kentucky, to vehicular traffic during the upcoming weekend of the Kentucky Derby. With its plan, the defendant sought to limit "cruising," an activity which, in the past, had resulted in noise, gridlock traffic, disorderly crowds, and acts of violence. *See* R. 5, 16, 23. The plaintiffs, "minority-owned and operated businesses operating within a predominately [sic] African-American sector of the metropolitan area[,]" alleged that the plan violated their rights under the First and Fourteenth Amendments to the U.S. Constitution. *See* R. 6. Though a preliminary injunction was denied by the court on April 30, 2007, *see* R. 16, other claims in regard to procedural due process, equal protection, and free association survived a

motion to dismiss. *See* R. 19, 23.

On April 8, 2008, attorney Thomas E. Clay notified the court of his appearance on behalf of the plaintiffs. *See* R. 31. Approximately nine months later, on January 12, 2009, the court ordered the plaintiffs to show cause why the case should not be dismissed for failure to prosecute. *See* R. 33. In response, on January 15, 2009, the plaintiffs filed a one-sentence motion asking the court to schedule a pretrial conference and trial date. *See* R. 34. Again, on April 2, 2009, the court ordered the plaintiffs to show cause in writing why the matter should not be dismissed for failure to prosecute. *See* R. 36. On April 13, 2009, the plaintiffs responded by requesting guidance "in going forward" and a scheduling order from the court. *See* R. 37. On June 16, 2009, the court ordered a schedule for the case, but in the ensuing months, the plaintiffs did not comply with discovery obligations set out in the scheduling order and undertook nothing further in the case until October 12, 2009, when Clay filed motions to dismiss without prejudice and withdraw as counsel. *See* R. 41-48. The defendant responded that the case should be dismissed with prejudice. *See* R. 49.

On November 19, 2009, the court granted Clay's motion to withdraw, ordered the plaintiffs to show cause in writing no later than December 4, 2009, why the case should not be dismissed with prejudice for failure to prosecute, and warned that failure to show cause within the allotted time would result in dismissal of the suit with prejudice. Finally, the court directed that the order of November

19, 2009, be served on each plaintiff directly. *See* R. 50. The plaintiffs did not show cause as ordered.

There are three different sources of authority to dismiss a case for failure to prosecute: Federal Rules of Civil Procedure 16(f), 41(b), and the court's inherent power to protect the due and orderly administration of justice and maintain the authority and dignity of the court. *See Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 (6th Cir. 2008) (citing *Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir. 2005)). Whether such a dismissal is appropriate depends on 1) whether the plaintiffs' failures are due to willfulness, bad faith, or fault; 2) whether the defendant has been prejudiced by the plaintiffs' conduct; 3) whether the plaintiffs have been warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Knoll v. American Tel. & Tel.*, 176 F.3d 359 (6th Cir. 1999)). The plaintiffs' conduct in not adequately pursuing their claim, which concerns planned events during one weekend in May 2007, has been dilatory, at best. Due to the plaintiffs' delay, the defendant has been prejudiced by expenditure of time and resources that it otherwise might have saved. The plaintiffs have been notified multiple times that failure to follow the orders of the court could lead to dismissal, and after each of those warnings, the court has repeatedly considered measures short of dismissing the suit. *See* R. 33, 36, 50. There has been no substantial

step taken toward prosecution of the case in one year, and the court's latest order to show cause, accompanied by a warning, was disregarded by the plaintiffs. Accordingly,

**IT IS ORDERED** that this action is **DISMISSED** with prejudice for failure to prosecute and **STRICKEN** from the court's active docket.

Signed on December 15, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**